# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**KYLE J. BRISTOW,**

          Plaintiff,

    v.

**WOOSENDER, INC.**

          Defendant.

**Case No. 2:24-cv-12833-MFL-KGA**

**Hon. Matthew F. Leitman**

---

**REO LAW, LLC**
Bryan Anthony Reo (P84119)
P.O. Box 5100
Mentor, OH 44061
(T):  (216) 505-0811
(E):  reo@reolaw.org
*Attorney for Kyle J. Bristow*

**THE MILLER LAW FIRM, PC**
Kevin F. O'Shea (P40586)
Devon P. Allard (P71712)
950 W. University Dr., Ste. 300
Rochester, MI 48307
(T):  (248) 841-2200
(F):  (248) 652-2852
(E):  kfo@millerlawpc.com
(E):  dpa@millerlawpc.com
*Attorneys for WooSender, Inc.*

---

## PLAINTIFF KYLE J. BRISTOW'S SECOND MOTION FOR SANCTIONS

### (ORAL ARGUMENT REQUESTED)

---

NOW COMES Kyle J. Bristow ("Plaintiff"), by and through Attorney Bryan

Anthony Reo, and hereby propounds upon WooSender, Inc. ("Defendant"), and this

Honorable Court Plaintiff Kyle J. Bristow's Second Motion for Sanctions:

1.  Pursuant to E.D. Mich. LCrR 7.1(a)(2) and Fed. R. Civ. P. 11(c)(2), Plaintiff's undersigned counsel served this Motion and the attached Brief upon The Miller Law Firm, PC, Kevin F. O'Shea, 950 W. University Dr., Ste. 300, Rochester, MI 48307, by placing the same in a First-Class postage-prepaid, properly addressed, and sealed envelope and in the United States Mail on September 4, 2025, and so Defendant is aware of the relief Plaintiff desires to be awarded—and concurrence was not obtained despite reasonable and timely efforts made by Plaintiff.

2.  For the reasons set forth in the attached Brief, Defendant, by and through Attorney Kevin F. O'Shea, has willfully pleaded a false statement of material fact when Defendant repeatedly submitted to the Court a perjurious affidavit (ECF No. 26, PageID. 583-588; ECF No. 32-7, PageID. 872-877) from Defendant's CEO, Stephen Garbesi, to support Defendant's Answer to Plaintiff's Motion for Summary Judgment (ECF No. 21, PageID. 449) and to support Defendant's Motion for Summary Judgment (ECF No. 32, PageID. 757), and the Court should impose severe Fed. R. Civ. P. 11 sanctions against Defendant and Defendant's lawyer who signed the court filings supported by the affidavit in question.

WHEREFORE, Plaintiff prays that this Honorable Court will grant the instant Motion by:

A. Schedule an evidentiary hearing—even via Zoom—to determine who drafted the affidavit executed by Mr. Garbesi, with Mr. Garbesi and Mr. O'Shea being required to attend the same.

B. Find that Defendant has willfully pleaded a patently false and frivolous material allegation of fact in Defendant's Answer to Plaintiff's Motion for Summary Judgment (ECF No. 21, PageID. 449) and Defendant's Motion for Summary Judgment (ECF No. 32, PageID. 757) through the repeated submission of a perjurious affidavit from Mr. Garbesi.  (ECF No. 26, PageID. 583-588; ECF No. 32-7, PageID. 872-877).

C. Admonish Defendant's attorney of record for twice submitting to the Court a perjurious affidavit in violation of Fed. R. Civ. P. 11.

D. Refer the matter of Defendant's counsel's unethical behavior to the Michigan Attorney Grievance Commission.

E. Award any and all other relief which is warranted by law or equity, including but not limited to Plaintiff's attorney's reasonable attorney fees.

Respectfully submitted,

**REO LAW, LLC**

/s/ Bryan Anthony Reo
Bryan Anthony Reo (P84119)
P.O. Box 5100
Mentor, OH 44061
(T):  (216) 505-0811

3

(E):  reo@reolaw.org
*Attorney for Kyle J. Bristow*

Dated:  September 4, 2025

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**KYLE J. BRISTOW,**

       Plaintiff,

   v.

**WOOSENDER, INC.**

       Defendant.

**Case No. 2:24-cv-12833-MFL-KGA**

**Hon. Matthew F. Leitman**

---

**REO LAW, LLC**
Bryan Anthony Reo (P84119)
P.O. Box 5100
Mentor, OH 44061
(T):  (216) 505-0811
(E):  reo@reolaw.org
*Attorney for Kyle J. Bristow*

**THE MILLER LAW FIRM, PC**
Kevin F. O'Shea (P40586)
Devon P. Allard (P71712)
950 W. University Dr., Ste. 300
Rochester, MI 48307
(T):  (248) 841-2200
(F):  (248) 652-2852
(E):  kfo@millerlawpc.com
(E):  dpa@millerlawpc.com
*Attorneys for WooSender, Inc.*

---

## PLAINTIFF KYLE J. BRISTOW'S BRIEF IN SUPPORT OF HIS SECOND MOTION FOR SANCTIONS

## (ORAL ARGUMENT REQUESTED)

---

## TABLE OF CONTENTS

I.  TABLE OF AUTHORITIES.................................................................................3

II.  ISSUES PRESENTED.....................................................................................5

III.  STATEMENT OF FACTS ...............................................................................6

IV.  LAW & ARGUMENT ....................................................................................10

  A.  STANDARD OF REVIEW ...........................................................................10

  B.  PRINCIPAL POINT OF ARGUMENT.........................................................11

  C.  CONCLUSION .............................................................................................15

V.  PRAYER FOR RELIEF....................................................................................15

2

# I.  TABLE OF AUTHORITIES

**Statutory Law**

None Cited.

**Case Law**

*Advo Sys., Inc. v. Walters*, 110 F.R.D. 426 (E.D. Mich. 1986) ....................10

*Gen. Retirement System of City of Detroit v. Snyder*, 822 F.Supp.2d 686 (E.D. Mich. 2011) ........................................................................................10

*Gibson v. Solideal USA, Inc.*, 489 F. App'x 24 (6th Cir. 2012) ....................11

*In re Big Rapids Mall Assoc.*, 98 F.3d 926 (6th Cir. 1996) ...........................11

*King v. Whitmer*, Case No. 2:20-cv-13134-LVP-RSW (E.D. Mich. August 25, 2021) ......................................................................................14

*Jackson v. Law Firm of O'Hara, Ruberg, Osborne & Taylor*, 875 F.2d 1224 (6th Cir. 1989) .................................................................................10

*Merritt v. Int'l Ass'n of Machinists and Aerospace Workers*, 613 F.3d 609 (6th Cir. 2020) ...............................................................................11

*Nieves v. City of Cleveland*, 153 F. App'x 349 (6th Cir. 2005) ....................10

*Ridder v. City of Springfield*, 109 F.3d 288 (6th Cir. 1997) ..........................10

**Court Rules**

Fed. R. Civ. P. 11 ....................................................................5, 10-11, 15-16

Fed. R. Civ. P. 11(b) .......................................................................................11

Fed. R. Civ. P. 11(b)(1) ..................................................................................12

Fed. R. Civ. P. 11(b)(3) ..................................................................................12

Fed. R. Civ. P. 11(b)(4) ...................................................................................12

Fed. R. Civ. P. 11(c)(4) ...................................................................................14

**Miscellaneous Authorities**

Michigan Rule of Professional Conduct 3.1 ...........................................10, 15

Michigan Rule of Professional Conduct 3.3 ...........................................10, 15

Michigan Rule of Professional Conduct 3.3(a)(1) .................................10, 15

## II.  ISSUES PRESENTED

1. Whether the Court should find that Defendant has willfully pleaded a patently false and frivolous material allegation of fact in Defendant's Answer to Plaintiff's Motion for Summary Judgment (ECF No. 21, PageID. 449) and Defendant's Motion for Summary Judgment (ECF No. 32, PageID. 757) through the repeated submission of a perjurious affidavit from Defendant's CEO, Stephen Garbesi.  (ECF No. 26, PageID. 583-588; ECF No. 32-7, PageID. 872-877).

      Plaintiff's Answer:                         Yes.

      Defendant's Anticipated Answer:     No.

2. Whether the Court should impose Fed. R. Civ. P. 11 sanctions against Defendant and Defendant's attorney who submitted to the Court the perjurious affidavit.

      Plaintiff's Answer:                         Yes.

      Defendant's Anticipated Answer:     No.

## III.  STATEMENT OF FACTS

On March 21, 2025, Plaintiff filed Plaintiff's Motion for Summary Judgment (ECF No. 19, PageID. 231-361), and Defendant filed Defendant's Answer to the same on April 11, 2025.  (ECF No. 21, PageID. 432-504).

On August 18, 2025, Defendant filed Defendant's Motion for Summary Judgment (ECF No. 32, PageID. 735-768).

In support of Defendant's Answer to Plaintiff's Motion for Summary Judgment and in support of Defendant's Motion for Summary Judgment, Defendant submitted an affidavit from Stephen Garbesi ("Mr. Garbesi"), the chief executive officer of Defendant.  (ECF No. 26, PageID. 583-588; ECF No. 32-7, PageID. 872-877).  Mr. Garbesi's Affidavit provides in pertinent part:

1. I am the Chief Executive Officer of WooSender, Inc. ("WooSender" or "the Company", Defendant in this action.

2. I have personal knowledge of the facts and matters stated in this Affidavit and I am competent to testify as such if called as a witness before any court of law.

3. WooSender has established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations in violation of the Telephone Consumer Protection Act ("TCA" or "the Act"), related state laws, and the Do Not Call ("DNC") registry.

4. The Company has written procedures in compliance with the national DNC rules.

5. The Company maintains an employee who oversees TCPA compliance and provides comprehensive training of personnel regarding appropriate practices under the Act.

6.  WooSender maintains an internal do-not-call list of phone numbers that it does not contact, including procedures and practices for placing callers on internal DNC lists if they indicate a desire not to be contacted and scrubbing of call lists against national and state DNC lists.

(ECF No. 26, PageID. 583-588; ECF No. 32-7, PageID. 872-877).

Although Garbesi was not deposed for the instant civil action, Mr. Garbesi was deposed by Attorney Andrew Perrong on July 31, 2025, for the civil action styled *Connor v. Servicequik, Inc., and WooSender, Inc.*, Case No. 1:24-cv-02286 (D. Colo.). In said civil action, Defendant is accused of violating the TCPA.

On August 23, 2025, Plaintiff filed Plaintiff's Answer to Defendant's Motion for Summary Judgment. (ECF No. 33, PageID. 878-1008). However, on August 26, 2025, Attorney Perrong provided Plaintiff's undersigned counsel transcript excerpts from Mr. Garbesi's July 31, 2025, deposition for the *Connor* case. During said deposition of Mr. Garbesi, Attorney Perrong questioned Mr. Garbesi about the affidavit Mr. Garbesi executed for the case at bar. Mr. Garbesi's deposition testimony makes it undeniably clear that Mr. Garbesi perjured himself by outright lying in his affidavit.

From Mr. Garbesi's deposition:

Attorney Perrong:  Has WooSender established policies to prevent --- prevent solicitations in violation of the TCPA?

Mr. Garbesi:  I don't know.

* * *

7

| | |
|---|---|
| Attorney Perrong: | Question was, does the company have written procedures to comply with the national rules? |

Mr. Garbesi:         I don't know.

* * *

Attorney Perrong:   My question was, does the company maintain an employee who oversees TCPA compliance?

Mr. Garbesi:         I don't know.

* * *

Attorney Perrong:   Do you recognize this document?  [(Referring to Garbesi's Affidavit for *Bristow v. WooSender*.)]

Mr. Garbesi:         I recognize the name Kyle Bristol.

* * *

Attorney Perrong:   You testified under penalty of perjury in this litigation * * * that WooSender has established an implemented reasonable practices and procedures to effectively prevent telephone solicitation in violation of the Telephone Consumer Protection Act.  Today, your testimony is that you don't know.  So, which is it?

Mr. Garbesi:         So, as of today, with the infrastructure, yeah, I mean, when it comes to ServiceQuik, when they were here, we --- I don't --- I don't know if we had --- I don't think we had any of those things.

* * *

Attorney Perrong:   Does the company * * * maintain an employee who oversees TCPA compliance?

Mr. Garbesi:         I don't know.

8

(ECF No. 34-1, PageID. 1038, 1040-1041, 1043-1044).

Insofar as Mr. Garbesi testified under oath at his July 31, 2025, deposition "I don't know" in response to a question about whether Defendant maintains an employee who oversees TCPA compliance, "I don't know" in response to a question about whether Defendant has implemented a TCPA compliance policy, "I don't know" in response to a question about whether Defendant established policies to prevent solicitations in violation of the TCPA, and "I don't know" in response to a question about whether Defendant has written procedures to comply with the TCPA, Mr. Garbesi's affidavit which Defendant has submitted twice to the Court is clearly perjurious, and the Court should sanction Defendant and Defendant's attorney who submitted it.[1]

As a direct and proximate result of Defendant submitting the perjurious affidavit to oppose Plaintiff's Motion for Summary Judgment and to support Defendant's Motion for Summary Judgment, Plaintiff, by and through Plaintiff's undersigned counsel, had to spend time associated with filing Plaintiff Kyle J.

---

[1] It is inconceivable that Garbesi, who is not a lawyer and who—based upon his deposition testimony—purports to not know anything about TCPA compliance and his company's TCPA-related policies, himself drafted his affidavit invoking nuanced legal defenses to support the court filings signed and submitted by Mr. O'Shea.  Mr. O'Shea or someone acting as Mr. O'Shea's agent presumably drafted the perjurious affidavit for Garbesi to sign, which Mr. O'Shea then twice submitted to the Court.

9

Bristow's Objection Regarding Affidavit of Stephen Garbesi and Request for Sanctions against Defendant (ECF No. 34, PageID. 1009-1053), in addition to spending time considering the affidavit and responding to the same in Plaintiff's summary judgment-related court filings. It is offensive to the Federal Rules of Civil Procedure, Michigan Rules of Professional Conduct 3.1 and 3.3, and common sense for Defendant and Defendant's attorney to materially misrepresent the facts and to submit a perjurious affidavit to cause additional work for Plaintiff.

Fed. R. Civ. P. 11 exists for situations precisely like the instant situation.

## IV. LAW & ARGUMENT

### A. STANDARD OF REVIEW

"A district court exercises wide discretion in determining whether an attorney's conduct was unreasonable, thereby justifying an award of sanctions under Rule 11. *Gen. Retirement System of City of Detroit v. Snyder*, 822 F.Supp.2d 686, 699 (E.D. Mich. 2011) (citing *Ridder v. City of Springfield*, 109 F.3d 288, 293 (6th Cir. 1997)).

In the Sixth Circuit, the test for imposing Rule 11 sanctions is "whether the individual's conduct was objectively reasonable under the circumstances." *Nieves v. City of Cleveland*, 153 F. App'x 349, 352 (6th Cir. 2005) (citing *Jackson v. Law Firm of O'Hara, Ruberg, Osborne & Taylor*, 875 F.2d 1224, 1229 (6th Cir. 1989)). To determine objective reasonableness, the Court must ask "whether the position

10

advanced by a party was supported by a reasonable inquiry into the applicable law and relevant facts." *Advo Sys., Inc. v. Walters*, 110 F.R.D. 426, 430 (E.D. Mich. 1986) (citations omitted). Whether a "reasonable inquiry" was conducted "is judged by objective norms of what reasonable attorneys would have done." *In re Big Rapids Mall Assoc.*, 98 F.3d 926, 930 (6th Cir. 1996). "Courts must not 'use the wisdom of hindsight,' but must instead test what was reasonable to believe at the time the pleading, motion, or other paper was submitted." *Gibson v. Solideal USA, Inc.*, 489 F. App'x 24, 29-30 (6th Cir. 2012) (quoting *Merritt v. Int'l Ass'n of Machinists and Aerospace Workers*, 613 F.3d 609, 626 (6th Cir. 2020)).

## B.  PRINCIPAL POINT OF ARGUMENT

Defendant and Defendant's attorney who signed Defendant's court filings which relied upon the misrepresentations of fact contained within Mr. Garbesi's perjurious affidavit should be sanctioned under Fed. R. Civ. P. 11.

Fed. R. Civ. P. 11(b) pertinently states:

(b) REPRESENTATIONS TO THE COURT. By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument

11

for extending, modifying, or reversing existing law or for establishing new law;

(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

As set forth in the Statement of Facts section of this Brief, Defendant, by and through Attorney O'Shea, twice filed with the Court a perjurious affidavit for the Court to consider for the pending cross-filed dispositive motions.

In the instant case, Defendant violated Fed. R. Civ. P. 11(b)(1), (3), and (4) by fraudulently misrepresenting to the Court the factual averments contained within Mr. Garbesi's affidavit.  The following table succinctly shows the conflict:

| GARBESI'S APRIL 15, 2025, AFFIDAVIT | GARBESI'S JULY 31, 2025, DEPOSITION TESTIMONY |
|---|---|
| "3.   WooSender has established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations in violation of the Telephone Consumer Communications Act ("TCPA" or "the Act"), related state laws, and the Do Not Call ("DNC") registry."<br><br>(ECF No. 26, PageID. 585; ECF No. 32-7, PageID. 874) | Attorney Perrong:   Has   WooSender established policies to prevent --- prevent solicitations in violation of the TCPA?<br><br>Mr. Garbesi:   I don't know.<br><br>(ECF No. 34-1, PageID. 1038)<br><br>* * * |

12

|  | Attorney Perrong: You testified under penalty of perjury in this litigation [(*Bristow v. WooSender*)] * * * that WooSender has established an implemented reasonable practices and procedures to effectively prevent telephone solicitation in violation of the Telephone Consumer Protection Act. Today, your testimony is that you don't know. So, which is it? |
|  | Mr. Garbesi: So, as of today, with the infrastructure, yeah, I mean, when it comes to ServiceQuik, when they were here, we --- I don't --- I don't know if we had --- I don't think we had any of those things. |
|  | (ECF No. 34-1, PageID. 1040-1041) |
| "4. The Company has written procedures in compliance with the national DNC rules." <br><br> (ECF No. 26, PageID. 585; ECF No. 32-7, PageID. 874) | Attorney Perrong: Question was, does the company have written procedures to comply with the national rules? <br><br> Mr. Garbesi: I don't know. |

13

| | (ECF No. 34-1, PageID. 1038) |
|---|---|
| "5. The Company maintains an employee who oversees TCPA compliance and provides comprehensive training of personnel regarding appropriate practices under the Act."<br><br>(ECF No. 26, PageID. 585; ECF No. 32-7, PageID. 874) | Attorney Perrong: My question was, does the company maintain an employee who oversees TCPA compliance?<br><br>Mr. Garbesi:  I don't know.<br><br>(ECF No. 34-1, PageID. 1038) |
| "2.  I have personal knowledge of the facts and matters stated in this Affidavit and I am competent to testify as such if called as a witness before any court of law."<br><br>(ECF No. 26, PageID. 585; ECF No. 32-7, PageID. 874) | Mr. Garbesi testifies "I don't know" in response to repeated questions about the subject matter of his affidavit.<br><br>(ECF No. 34-1, PageID. 1038, 1041, 1043-1044) |

Pursuant to Fed. R. Civ. P. 11(c)(4):

> (4) *Nature of a Sanction.*  A sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated. The sanction may include nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation.

In *King v. Whitmer*, Case No. 2:20-cv-13134-LVP-RSW (E.D. Mich. August 25, 2021), this Court also noted that referrals to the Michigan Attorney Grievance Commission are permitted when the Court finds that the Michigan Rules of Professional Conduct have been violated by an attorney:

> Lastly, the conduct of Plaintiffs' counsel, which also constituted violations of the Michigan Rules of Professional Conduct, *see, e.g.,*

14

MRPC 3.1 and 3.3, calls into question their fitness to practice law. This warrants a referral for investigation and possible suspension or disbarment to the appropriate disciplinary authority for every state bar and federal court in which each attorney is admitted, see Fed. R. Civ. P. 11 Advisory Committee Notes (1993 Amendment) (explaining that such referrals are available as a sanction for violating the rule); E.D. Mich. LR 83.22(C)(2).

In the instant case, Defendant's attorney of record, Mr. O'Shea, twice signed court filings which were supported by way of Mr. Garbesi's perjurious affidavit.

Michigan Rule of Professional Conduct 3.1 provides that "A lawyer shall not * * * controvert an issue * * * unless there is a basis for doing so that is not frivolous." Michigan Rule of Professional Conduct 3.3(a)(1) provides that "A lawyer shall not knowingly * * * make a false statement of fact * * * to a tribunal[.]" Mr. O'Shea twice violated these ethical rules when he twice presented to the Court the perjurious affidavit from Mr. Garbesi.

## C. CONCLUSION

For the reasons set forth herein, Defendant's Answer to Plaintiff's Motion for Summary Judgment and Defendant's Motion for Summary Judgment are wrongfully supported by way of a perjurious affidavit from Mr. Garbesi, and the Court can and should impose sanctions against Defendant and Defendant's attorney who signed the court filings pursuant to Fed. R. Civ. P. 11.

## V. PRAYER FOR RELIEF

15

WHEREFORE, Plaintiff prays that this Honorable Court will grant the instant Motion by:

A. Schedule an evidentiary hearing—even via Zoom—to determine who drafted the affidavit executed by Mr. Garbesi, with Mr. Garbesi and Mr. O'Shea being required to attend the same.

B. Find that Defendant has willfully pleaded a patently false and frivolous material allegation of fact in Defendant's Answer to Plaintiff's Motion for Summary Judgment (ECF No. 21, PageID. 449) and Defendant's Motion for Summary Judgment (ECF No. 32, PageID. 757) through the repeated submission of a perjurious affidavit from Mr. Garbesi. (ECF No. 26, PageID. 583-588; ECF No. 32-7, PageID. 872-877).

C. Admonish Defendant's attorney of record for twice submitting to the Court a perjurious affidavit in violation of Fed. R. Civ. P. 11.

D. Refer the matter of Defendant's counsel's unethical behavior to the Michigan Attorney Grievance Commission.

E. Award any and all other relief which is warranted by law or equity, including but not limited to Plaintiff's attorney's reasonable attorney fees.

Respectfully submitted,

**REO LAW, LLC**

/s/ Bryan Anthony Reo

16

Bryan Anthony Reo (P84119)
P.O. Box 5100
Mentor, OH 44061
(T):  (216) 505-0811
(E):  reo@reolaw.org
*Attorney for Kyle J. Bristow*

Dated:  September 4, 2025

## <u>CERTIFICATE OF SERVICE</u>

I, Bryan Anthony Reo, affirm that I am an attorney of record for a party to the above-captioned civil action, and on September 4, 2025, I served a true and accurate copy of this Plaintiff Kyle J. Bristow's Second Motion for Sanctions and Plaintiff Kyle J. Bristow's Brief in Support of His Second Motion for Sanctions upon The Miller Law Firm, PC, Kevin F. O'Shea, 950 W. University Dr., Ste. 300, Rochester, MI 48307, by placing the same in a postage-prepaid, properly addressed, and sealed envelope and in the United States Mail.

Furthermore, on September 4, 2025, I electronically mailed a PDF of this Plaintiff Kyle J. Bristow's Second Motion for Sanctions and Plaintiff Kyle J. Bristow's Brief in Support of His Second Motion for Sanctions to Attorney Kevin F. O'Shea at <kfo@millerlawpc.com> and Attorney Devon P. Allard at <dpa@millerlawpc.com>.

/s/ Bryan Anthony Reo
Bryan Anthony Reo (P84119)
P.O. Box 5100
Mentor, OH 44061
(T): (216) 505-0811
(E): reo@reolaw.org
*Attorney for Kyle J. Bristow*

Dated: September 4, 2025

## <u>CERTIFICATE OF SERVICE</u>
## <u>(FOLLOWING FED. R. CIV. P. 11(C)(2) 21-DAY SAFE HARBOR)</u>

I, Bryan Anthony Reo, affirm that I am an attorney of record for a party to the above-captioned civil action, and on September 29, 2025, I submitted this document to the Court's Electronic Filing System which should provide notice of said filing to all attorneys of record for parties to the instant civil action who have registered to receive such service.

/s/ Bryan Anthony Reo
Bryan Anthony Reo (P84119)
P.O. Box 5100
Mentor, OH 44061
(T):  (216) 505-0811
(E):  reo@reolaw.org
*Attorney for Kyle J. Bristow*

Dated:  September 29, 2025